UNITED STATES of America,
Plaintiff–Appellee,

v.

Misael CORONA–ROMERO,
Defendant–Appellant.

No. 12–10621.

United States Court of Appeals,
Ninth Circuit.

---

Sept. 26, 2013.*

Erica Leigh Seger, Assistant U.S., Ustu–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Ramiro Flores, Jr., Law Office of Ramiro S. Flores Esq., Tucson, AZ, for Defendant–Appellant.

Before: RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

MEMORANDUM ***

Misael Corona–Romero appeals from the district court's judgment and challenges the 77–month sentence imposed following his guilty-plea conviction for reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Corona–Romero contends that the district court procedurally erred by failing to consider all of the 18 U.S.C. § 3553(a) sentencing factors, and by failing to explain adequately the sentence. We review for plain error, *see United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 (9th Cir.2010), and find none. Although the district court did not explicitly reject the arguments raised by Corona–Romero, the record reflects that the court considered those arguments along with the section 3553(a) sentencing factors, and adequately explained the sentence imposed. *See*

*United States v. Perez–Perez,* 512 F.3d 514, 516–17 (9th Cir.2008).

Corona–Romero also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Corona–Romero's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The 77–month sentence at the bottom of the Guidelines is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Corona–Romero's criminal history. *See id.*

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

